UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-Civ-61039-WILLIAMS/TORRES

ROSELINE NOEL-WAGSTAFFE,

    Plaintiff,

v.

METROPOLITAN CASUALTY INSURANCE
COMPANY, a foreign profit corporation,

    Defendant.
_____/

## OMNIBUS ORDER
## ON DEFENDANT'S MOTIONS TO SHOW CAUSE AND/OR COMPEL

This matter is before the Court on Metropolitan Casualty Insurance Company's ("Defendant") motions to show cause and/or compel against Sunrise Neurology Group, Interventional Rehabilitation of South Florida, Dr. Gerald S. Goldberg, and Sunrise Medical MRI East (collectively, the "Non-parties"). [D.E. 21-24]. The Non-Parties did not respond to Defendant's motions.[1] Therefore, Defendant's motions are now ripe for disposition. After careful consideration of the motions and relevant authority, and for the reasons discussed below, Defendant's motions are **GRANTED**.

---

[1]     Defendant filed its motions on October 24, 2017, meaning the time for the Non-Parties to respond has long since passed. [D.E. 21-24].

1

## I. ANALYSIS

On various dates in July and August 2017[2], Defendant served each of the Non-Parties with a subpoena requesting a production of documents. Defendant argues that none of the Non-Parties produced any documents or served any objections. On September 28, 2017, Defendant sent each of the Non-Parties a letter requesting compliance with the subpoena within 15 days to avoid judicial intervention. Because the Non-Parties remain noncompliant with the subpoena, Defendant requests that the Non-Parties either (1) show cause on why they should not be held in contempt or (2) be compelled to produce documents.

"[A] Rule 45 subpoena is a discovery vehicle to be used against non-parties to, among other things, obtain documents relevant to a pending lawsuit." *Hatcher v. Precoat Metals*, 271 F.R.D. 674, 675 (N.D. Ala. 2010). More specifically, Rule 45 allows a subpoena to command the "production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person." FED. R. CIV. P. 45(c)(2)(A); *see also* FED. R. CIV. P. 45(a)(1)(C) ("A command to produce documents, electronically stored information, or tangible things or to permit the inspection of premises . . . may be set out in a separate subpoena."). If a non-party timely serves written objections, the non-party's objection to comply with the subpoena is suspended pending a court's order. *See Am. Fed'n of Musicians of the United States*

---

[2] Sunrise Neurology Group and Sunrise Medical MRI East were each served on July 27, 2017. Interventional Rehabilitation of South Florida was served on August 3, 2017 and Dr. Gerald Goldberg was served on July 28, 2017. And was served on July 2

*& Canada v. Skodam Films, LLC*, 313 F.R.D. 39, 44 (N.D. Tex. 2015) ("Timely serving written objections therefore suspends the non-party's obligation to comply with a subpoena commanding production of documents, pending a court order.") (citing FED. R. CIV. P. 45(d)(2)(B)(ii); *Hodnett v. Smurfit–Stone Container Enters., Inc.*, Civ. A, 2010 WL 3522497, at *1 n.3 (W.D. La. Sept. 2, 2010)). "The failure to serve written objections to a subpoena within the time specified by Rule [45(d)(2)(B)] typically constitutes a waiver of such objections, as does failing to file a timely motion to quash." *Am. Fed'n*, 313 F.R.D. at 43 (internal quotation marks omitted).

While Rule 45 does not include a specific time to comply with a subpoena to a non-party in the rule itself, it does provide that "[o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that: fails to allow a *reasonable time to comply* . . . ." FED. R. CIV. P. 45 (emphasis added). And "[a]lthough 'reasonable time' is not explicitly defined in this section of Rule 45, other courts have looked to the language . . . to find fourteen days from the date of service is presumptively reasonable." *In re Rule 45 Subpoena to Fid. Nat. Info. Servs., Inc.*, 2009 WL 4899399, at *1 (M.D. Fla. Dec. 11, 2009) (citing *McClendon v. TelOhio Credit Union, Inc.,* 2006 WL 2380601 (S.D. Oh. Aug.14, 2006)); *see also Mendenhall v. Blackmun*, 2010 WL 3272946, at *1 (S.D. Ala. Aug. 18, 2010); *Parrot, Inc. v. Nicestuff Distrib. Int'l, Inc.*, 2009 WL 197979, at *4 (S.D. Fla. Jan. 26, 2009) (rejecting non-party's argument that subpoena did not provide sufficient time for

response and reiterating that "reasonableness" is considered on a case by case basis).

Here, the Non-Parties have had ample time to review the subpoena and formulate their responses. Yet, the Non-Parties have clearly failed to do so with either a production of documents or objections. As such, Defendant's motions to compel the production of documents from each of the Non-Parties are **GRANTED**.

## II. *CONCLUSION*

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that:

A. Defendant's motion to compel Sunrise Neurology Group to produce documents is **GRANTED**.

B. Defendant's motion to compel Interventional Rehabilitation of South Florida to produce documents is **GRANTED**.

C. Defendant's motion to compel Dr. Gerald S. Goldberg to produce documents is **GRANTED**.

D. Defendant's motion to compel Sunrise Medical MRI East to produce documents is **GRANTED**.

E. Each of the Non-Parties must produce the requested items in Defendant's subpoena within fourteen (14) days from the date of this Order.

F. Defendant's motion for an Order to Show Cause on why the Non-Parties should not be held in contempt is deferred to a later date if the Non-Parties fail to comply with the terms of this Order.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 7th day of December, 2017.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge

CC:

Dr. Gerald S. Goldberg
3540 N. Pine Island Road
Sunrise, FL 33351

Interventional Rehabilitation of South Florida
7700 W. Sunrise Blvd. Mailstop PL-6
Plantation, FL 33313

Sunrise Medical MRI East
4925 Sheridan Street, Suite 100
Hollywood, FL 33021

Sunrise Neurology Group
12596 Pines Blvd.
Pembroke Pines, FL 33027